EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HIPÓLITO TORRES NAVARRO, acusado y apelante.

*Número:* Cr-62-232    *Resuelto:* 5 de marzo de 1963

*Rafael Rodríguez Llanos,* abogado designado por el Tribunal para representar al apelante.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: El Fiscal formuló acusación contra Hipólito Torres Navarro ante la Sala de Ponce del Tribunal Superior de Puerto Rico, por el delito definido en el segundo párrafo del Art. 260 del Código Penal, (¹) alegando, en síntesis: Que dicho acusado, en el Barrio San Antón de Ponce y en uno de los días comprendidos entre los meses de enero a julio de 1961 cometió actos impúdicos y lascivos con la niña menor de 14 años de edad llamada Virgenmina Torres Ramos con la intención de despertar, incitar y satisfacer la impudicia, pasiones y deseos sexuales de él y de dicha menor.

Celebrado el juicio ante el tribunal de derecho, el acusado fue declarado convicto del delito que se le imputó, condenándosele a cumplir una pena de uno a tres años de presidio con trabajos forzados. Durante el juicio estuvo representado por abogado, pero interpuso su recurso de apelación por su propio derecho. El Tribunal de instancia ordenó la preparación de oficio, de la transcripción de las notas taquigráficas, habiéndose presentado la misma el 27 de agosto último.

No habiendo radicado el acusado-apelante su alegato en este recurso, el 3 de octubre pasado dictamos una resolución concediendo al acusado-apelante un término de diez días para mostrar causa por las cuales no debía desestimarse el recurso por abandono. A pesar de que para el 28 de noviembre de

---

(¹) Dicho párrafo dice así:

"Toda persona que maliciosamente cometiere cualquier acto impúdico o lascivo, fuera de los que constituyeren otros delitos previstos en el Código Penal, con un niño menor de catorce años de edad, o con el cuerpo de dicho niño o cualquiera parte o miembro del mismo, con la intención de despertar, incitar o satisfacer la impudicia, pasiones o deseos sexuales de dicha persona o de dicho niño, será culpable de delito grave (*felony*) y recluido en la penitenciaría por un período que no excederá de cinco años."

1962 no había expuesto causa alguna, dictamos resolución en esa fecha designando al Lic. Rafael Rodríguez Llanos para que representara al acusado ante este Tribunal y le ofreciera la asistencia legal necesaria a fin de que pudiera ejercitar plenamente su derecho de apelación en este recurso, concediéndosele a dicho letrado un término de treinta días para radicar el alegato correspondiente. De esa designación fueron notificados el Lic. Rodríguez Llanos, el acusado-apelante y el Procurador General el 29 de noviembre de 1962.

El 13 de diciembre siguiente el letrado Rodríguez Llanos presentó un escrito, que se notificó al acusado cinco días después y en el cual expone a este Tribunal Supremo, entre otras cosas, lo siguiente:

"Aunque, por la lectura de la transcripción de la prueba entiendo que hubo contradicciones en el testimonio de los testigos del Pueblo de Puerto Rico, el Hon. Tribunal Supremo de Puerto Rico ha sido claro y constante en su posición de que el Juez del Tribunal juzgador que ve y observa el comportamiento y forma de hablar de los testigos, está en mejor posición para aquilatar la veracidad de sus testimonios y que por dicho fundamento sus decisiones no serán revocadas.

"La cualificación de la perjudicada en este caso, quien contaba nueve (9) años de edad, estaba en primer grado, como testigo no es convincente, pero habiendo otros testigos directos sobre la comisión del delito a cuyos testimonios se le dio entero crédito, dicho error de prosperar no sería revocable.

"Por todo lo cual, muy respetuosamente le informo al Hon. Tribunal que del expediente de apelación no surge ningún error sustancial para hacer un alegato de apelación que mueva al Tribunal a revocar la sentencia apelada."

Hasta esta fecha el acusado nada ha dicho respecto al escrito antes mencionado, ni ha designado abogado propio para sostener su recurso, ni lo ha hecho por su propio derecho.

Hemos hecho un cuidadoso estudio de los autos del caso y especialmente del récord taquigráfico unido a los mismos. Encontramos correcta la apreciación final que sobre la falta de méritos de este recurso hizo el letrado Rodríguez Llanos.

La prueba desfilada estableció fuera de toda duda razonable la comisión del delito imputado. La evidencia de El Pueblo consistió, en primer término, en la presentación de la certificación de nacimiento de la niña perjudicada cuyo nombre correcto es Luz Ermina Torres Ramos, (según enmienda que se hizo a la acusación con el consentimiento de la defensa), y que nació el 8 de mayo de 1952, contando a la fecha de los hechos 9 años y 11 meses de edad. Presentó el Pueblo la declaración de la niña perjudicada Luz Ermina Torres Ramos y la de un hermanito de ella llamado Ismael Torres Ramos, de 12 años de edad. El único testigo presentado por el acusado fue su otra hija Luz Selenia Torres.

La niña perjudicada y el testigo Ismael Torres Ramos son también hijos del acusado y vivían con éste en el Barrio San Antón de Ponce. Mientras vivían con el acusado fue que éste cometió los actos impúdicos o lascivos con dicha niña, a que se refiere la acusación y que fueron descritos con claridad y precisión por la niña Luz Ermina Torres Ramos y su hermano Ismael Torres Ramos, como cometidos, no una, sino varias veces, dentro del período a que se refiere la acusación. La declaración de la otra hija del acusado llamada Luz Selenia Torres no le hace ningún favor a éste y, al contrario, corrobora bastante las declaraciones de sus dos hermanitos.

Con mucha razón el juez de instancia, en el acto de declarar culpable al acusado, entre otras cosas dijo lo siguiente:

"El Tribunal vista la prueba presentada en este caso no tiene duda alguna de que el acusado es culpable de los hechos que se le imputan. Las declaraciones de los testigos han sido convincentes y no solamente los testigos del Ministerio Público sino la propia testigo de defensa Luz Selenia Torres le indicó al Tribunal que el acusado tenía la costumbre de querer realizar hechos que eran parecidos a los que se imputan en esta acusación, ... ."

Fuera de la declaración de su hija Luz Selenia Torres el acusado no presentó otra prueba a su favor.

*Por todo lo expuesto creemos debe desestimarse el presente recurso por abandono, quedando así firme y ejecutoria la sentencia apelada que dictó el Tribunal Superior, Sala de Ponce, el 30 de octubre de 1961.*